IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERNESTO JOSEPH-PANAY                    *

              Petitioner          *

        v.                              *          Civil Action No.  GLR-12-2176

ERIC HOLDER, JR., Attorney General      *
of the United States, et al.
                                        *
           Respondents
                                       ***

## MEMORANDUM

This 28 U.S.C. § 2241 petition for habeas corpus relief, which raises a challenge to Petitioner's continued post-removal order of detention under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), was received for filing on July 20, 2012.[1]  Petitioner does not challenge his underlying order of removal.  Respondents filed a court-ordered response seeking dismissal of the petition. ECF No. 5.  Respondents have filed a second motion to dismiss arguing the petition is now moot.  ECF No. 6. Petitioner has not responded to either filing.  Upon review of the papers, the Court finds a hearing in this matter unnecessary.  <u>See</u> Local Rule 105.6. (D. Md. 2011).  For reasons to follow, the petition shall be dismissed.

I.      Background

Panay is a native and citizen of Panama who initially entered the United States on November 10, 1986.  ECF No. 5, Ex. A.  He was placed in deportation proceedings and received a deportation order on June 5, 1991.  <u>Id.</u>

---

[1]     Pursuant to <u>Rumsfield v. Padilla</u>, 542 U.S. 426, 434-442 (2004) (where alien is solely challenging his detention, proper respondent is custodian), the proper party respondent is the unnamed warden where petitioner is detained.  The Clerk shall amend the docket to term the names of Eric Holder, Jr., Janet Napolitano, John Morton, Calvin McCormick, Hugh Spafford and Charles Riccio.

He subsequently attempted to re-enter the United States at Orlando, Florida on April 5, 2006, by falsely claiming to be a United States citizen.  Id., Ex. B.  He was refused entry and ordered removed on April 5, 2006, after expedited removal proceedings pursuant to 8 U.S.C. § 1225.  Petitioner was removed from the United States on April 7, 2006.  Id.  United States Custom and Border Protection ("CBP") again encountered Petitioner on September 8, 2008, near Hidalgo, Texas after Petitioner illegally re-entered the United States.  Id., Ex. C.  The CBP reinstated Petitioner's April 5, 2006 removal order pursuant to 8 U.S.C. § 1231(a)(5).  In September 2008, CBP prepared to extradite Petitioner to Massachusetts to face pending charges.  Id., Ex. D.

In December 2010, Petitioner was arrested in Maryland.  On December 4, 2010, Immigration and Customs Enforcement ("ICE") lodged a detainer against Petitioner.  Id., Ex. E.  He was transferred to ICE custody on March 1, 2011.  Since coming into ICE custody, Petitioner expressed fear of returning to Panama.  After conducting a "reasonable fear" interview and finding Petitioner had a reasonable fear, Citizenship and Immigration Service ("CIS") issued a Notice of Referral and placed Petitioner in Withholding Only Proceedings before an Immigration Judge ("IJ").  Id., Ex. G.  The IJ denied Petitioner's request for withholding of removal on August 1, 2011, however, the Board of Immigration Appeals ("BIA") remanded the case on January 18, 2012.  Id.  Pursuant to the BIA's order a new hearing was held and the IJ issued a new decision denying Petitioner's application on May 21, 2012.  On June 15, 2012, Petitioner filed an appeal to the BIA.  On September 26, 2012, the BIA denied the appeal.  ECF No. 6, Ex. 1.  On November 28, 2012, Petitioner was removed to Panama.  Id., Ex. B.

In light of this information, Petitioner's habeas challenge to his post-order detention under Zadvydas v. Davis, 505 U.S. 277 (2001), has been rendered moot.  See Quinones-Molinar v. U.S.

Immigration and Naturalization Service, 30 Fed. Appx. 198 (4th Cir. 2002) (dismissing appeal as moot when petitioner challenging post-removal detention was removed to Panama during the pendency of appeal).

A separate Order shall be entered dismissing this Petition without oral hearing.

/s/

December 27, 2012                    _____

George L. Russell, III
United States District Judge